```
BOWMAN AND BROOKE LLP
Robert S. Robinson, SBN: 131461
970 West 190th Street, Suite 700
Torrance, California 90502
Tel:  (310) 768-3068
Fax: (310) 719-1019
rob.robinson@bowmanandbrooke.com
```

*Attorneys for Defendant*
PERKINS MOTOR TRANSPORT, INC.,
d/b/a PERKINS SPECIALIZED TRANSPORTATION

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA ONE TRANSPORTATOR, INC., a California corporation, and AMERICAN HEAVY MOVING AND RIGGING, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PERKINS MOTOR TRANSPORT, INC., d/b/a PERKINS SPECIALIZED TRANSPORTATION, a Minnesota corporation,<br><br>Defendant. | CASE NO: 13-cv-2662 JAH NLS<br><br>**DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

### Answer

Defendant Perkins Motor Transport, Inc., d/b/a Perkins Specialized Transportation ("Perkins") answers Plaintiffs' Complaint as follows:

1. Perkins denies each and every allegation, matter and thing contained in the Complaint, except as hereinafter admitted, qualified, alleged or otherwise stated.

### The Parties

2. Perkins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint.

3. Perkins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint.

4. Perkins admits the allegations contained in Paragraph 3 of the Complaint.

## Jurisdiction and Venue

5. In response to the allegations contained in Paragraph 4 of the Complaint, Perkins acknowledges that 28 U.S.C. §§ 1331 and 1338(a) authorize this Court to have jurisdiction over the subject matter of this patent litigation.

6. In response to the allegations contained in Paragraph 5 of the Complaint, Perkins denies that the Court has personal jurisdiction over it; admits that it used the "Road Train" trailer in California, but affirmatively states that its use of the "Road Train" trailer was before the '897 patent had issued; denies that it has used the "Road Train" trailer in California since the '897 patent had issued; denies that it conducts "substantial and regular" business in California; and denies the remaining allegations contained in Paragraph 5.

7. In response to the allegations contained in paragraph 6 of the Complaint, Perkins acknowledges, if this Court has jurisdiction over it, which it denies, that venue in this District may be proper under 28 U.S.C. § 1391 but denies that venue is proper in this District under 28 U.S.C. § 1400(b).

## General Allegations

8. Perkins lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, and on that basis, denies those allegations.

9. Perkins denies the allegations contained in Paragraph 8 of the Complaint.

10. Perkins denies the allegations in the last sentence of paragraph 9 of the Complaint. Perkins lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations as to the substance of Earl Sutton's thoughts and

when he had them as contained in the remainder of paragraph 9 of the Complaint, and on that basis, denies those allegations.

11. Perkins lacks sufficient information as to what Plaintiffs mean by "designed and built" in the first sentence of paragraph 10 of the Complaint, and on that basis, denies those allegations. Perkins lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the rest of Paragraph 10 of the Complaint, and on that basis, denies those allegations.

12. In response to the allegations contained in Paragraph 11 of the Complaint, Perkins acknowledges that Exhibit A was attached to the Complaint and that Exhibit A purports to be a copy of the '897 patent, which was issued by the United States Patent and Trademark Office ("USPTO") on April 23, 2013. Perkins is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 11, and on that basis, denies those allegations.

13. Perkins denies the allegations contained in Paragraph 12 of the Complaint.

14. In response to the allegations contained in Paragraph 13 of the Complaint, Perkins admits that it used the "Road Train" trailer within this District, but affirmatively states that its use of the "Road Train" trailer was before the '897 patent had issued.

### First Claim of Relief

15. In response to the allegations contained in Paragraph 14 of the Complaint, Perkins incorporates its responses to the preceding paragraphs as though fully set forth herein.

16. Perkins lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, and on that basis, denies those allegations.

17. Perkins denies the allegations contained in Paragraph 16 of the Complaint.

18. Perkins denies the allegations contained in Paragraph 17 of the Complaint.

19. Perkins denies the allegations contained in Paragraph 18 of the Complaint.

20. Perkins denies the allegations contained in Paragraph 19 of the Complaint.

### Request For Relief

Perkins denies that Plaintiffs are entitled to any judgment or relief, and denies all allegations contained in Plaintiffs' Request for Relief.

### Demand for a Jury Trial

Perkins acknowledges Plaintiffs' demand for a jury trial.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Perkins has not infringed the '897 patent.

### Third Affirmative Defense

The '897 patent is invalid, unenforceable, and void for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116 for one or more of the following reasons:

    a. The alleged inventions claimed in the '897 patent were known or used by others in the United States prior to the invention thereof by the patent applicant;

    b. The alleged inventions claimed in the '897 patent were patented or described in a printed publication in this or a foreign country before

the earliest invention date to which the patentee of the '897 patent is entitled;

c. The alleged inventions claimed in the '897 patent were in public use or on sale in the United States more than one year prior to the date of the earliest application for the patent in the United States;

d. The inventors abandoned the alleged inventions claimed in the '897 patent prior to filing the earliest application from which the '897 patent issued;

e. The alleged inventions claimed in the '897 patent were first patented or caused to be patented, or were the subject of an inventor's certificate, by the named inventors or their legal representatives or assigns in a foreign country prior to the date of the earliest application for patent in this country on an application for patent or inventor's certificate filed more than twelve months before the filing of the earliest application in the United States;

f. The alleged inventions claimed in the '897 patent were described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the named inventors;

g. The inventors did not invent the subject matter claimed in the '897 patent;

h. Before the applicants' invention thereof, the inventions were made in this country by another who had not abandoned, suppressed, or concealed them;

i. The differences between the subject matter sought to be patented in the '897 patent and the prior art would have been obvious at the time the invention was made to a person having ordinary skill in the art to which such subject matter pertains;

1    j.   The specification of the '897 patent does not contain a written description of the alleged inventions and of the manner or process of making and using them, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which such subject matter pertains, or with which it is most nearly connected, to make and use the same; and/or

k.   The specification of the '897 patent does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicants regarded as their invention.

## Fourth Affirmative Defense

The '897 patent is limited in scope and is invalid and void because additional prior art exists that anticipates or renders obvious the subject matter of the '897 patent.

## Fifth Affirmative Defense

The claims of the '897 patent, if given an interpretation sufficiently broad as to cover any device manufactured, used, offered for sale, sold, or imported by Perkins, or any method practiced by Perkins, are invalid.

## Sixth Affirmative Defense

Plaintiffs is estopped to assert infringement of the claims of the '897 patent by virtue of admissions, amendments, and arguments made to the USPTO during the prosecution of the application from which the '897 patent matured, which admissions, amendments, and arguments were made for the purpose of attempting to distinguish over prior art relied upon by the United States Patent Examiner when rejecting claims so as to thereby secure allowance of such claims.

## Seventh Affirmative Defense

Plaintiffs' claims are barred by the equitable defense of unclean hands.

## Eighth Affirmative Defense

Plaintiffs' claims are barred by the equitable defense of acquiescence.

### Ninth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches because Plaintiffs unreasonably delayed in bringing this action to the prejudice of Perkins.

### PRAYER FOR RELIEF

WHEREFORE, Perkins respectfully requests that this Court:

a. Deny the relief sought by Plaintiffs and dismiss Plaintiffs' Complaint with prejudice;

b. Award Perkins costs and fees incurred in defending this action; and

c. Grant Perkins such other relief as the Court may deem just and proper.

### COUNTERCLAIMS

Defendant and Counterclaimant, Perkins Motor Transport, Inc., d/b/a Perkins Specialized Transportation ("Perkins"), for its counterclaims against Plaintiffs Alpha One Transportator, Inc., and American Heavy Moving and Rigging, Inc. ("Plaintiffs"), alleges as follows:

1. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction is conferred in this Court under 28 U.S.C. § 1338(a). There is a justifiable controversy concerning the validity, enforceability and infringement of the '897 patent, as set forth in the Complaint and in the Answer to which these Counterclaims are appended.

2. Perkins is a Minnesota corporation with its principal place of business at 1800 Riverview Drive, Northfield, Minnesota.

3. Upon information and belief, Plaintiffs are California corporations.

4. Upon information and belief, Plaintiff Alpha One Transportator, Inc., is the assignee of the '897 patent.

### Counterclaim I

(For Declaration of Invalidity of the '897 patent)

5. The allegations of Paragraphs 1 through 4 are incorporated herein by reference as if fully restated here.

6. The '897 patent is invalid, unenforceable and void for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116 for one or more of the reasons set forth in the Affirmative Defenses of the Answer to which these Counterclaims are appended.

### Counterclaim II

(Declaration of Non-Infringement of the '897 patent)

7. The allegations of Paragraphs 1 through 6 are incorporated herein by reference as if fully restated here.

8. Perkins has not infringed, and is not now directly or indirectly infringing any valid claim of the '897 patent.

9. Plaintiffs are estopped to assert that any claim of the '897 patent is entitled to an interpretation of sufficient scope to cover the manufacture, use, sale, or offering for sale or importation of any of Perkins's devices by virtue of admissions, amendments, and arguments made to the USPTO during prosecution of the application from which the '897 patent issued.

### PRAYER FOR RELIEF

WHEREFORE, Perkins prays for judgment against Plaintiffs on Perkins's counterclaims as follows:

    a. A declaratory judgment that the '897 patent is invalid, unenforceable and void in law;

    b. A declaratory judgment that Perkins has not directly or indirectly infringed the '897 patent;

    c. An order permanently enjoining and restraining Plaintiffs from further charges of infringement or acts of enforcement based on the '897 patent against Perkins, its representatives, agents and customers, both present and prospective;

7356015v1

**CASE NO: 13cv2662**

d.  An order finding that Plaintiffs' allegations were not supported by fact, as required by Federal Rule of Civil Procedure 11, and awarding appropriate sanctions against Plaintiffs and in favor of Perkins;

e.  An order finding this to be an exceptional case under 35 U.S.C. § 285 and awarding Perkins its attorneys' fees incurred in connection with this litigation; and

f.  Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR A JURY TRIAL

Perkins hereby demands a trial by jury of all issues so triable.

Dated: December 23, 2013              BOWMAN AND BROOKE LLP


By   s/Robert S. Robinson
     Robert S. Robinson
     Attorneys for Defendant Perkins Motor Transport, Inc., d/b/a Perkins Specialized Transportation
     rob.robinson@bowmanandbrooke.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 23, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5.4(d). Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

                        BOWMAN AND BROOKE LLP

By   s/Robert S. Robinson
      Robert S. Robinson
      Attorneys for Defendant Perkins
      Motor Transport, Inc., d/b/a Perkins
      Specialized Transportation
      Contracting
      rob.robinson@bowmanandbrooke.com