UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA ONE TRANSPORTER, INC., a California corporation, and AMERICAN HEAVY MOVING AND RIGGING, INC., a California corporation,<br><br>        Plaintiffs,<br>v.<br><br>PERKINS MOTOR TRANSPORT, INC., d/b/a PERKINS SPECIALIZED TRANSPORTATION, a Minnesota corporation,<br><br>        Defendant. | Civil No. 13cv2662 H (NLS)<br><br>Consolidated with:<br>13cv2663 H (NLS)<br>13cv2669 H (NLS)<br><br>**ORDER SETTING VOLUNTARY SETTLEMENT CONFERENCE** |
| ALPHA ONE TRANSPORTER, INC., a California corporation, and AMERICAN HEAVY MOVING AND RIGGING, INC., a California corporation,<br><br>        Plaintiffs,<br>v.<br><br>GOLDHOFER FAHRZEUGWERK GMBH & CO., INTERMOUNTAIN RIGGING AND HEAVY HAUL, and BARNHART CRANE AND RIGGING CO.,<br><br>        Defendants. | |

|   |   |
|---|---|
| ALPHA ONE TRANSPORTER, INC., a California corporation, and AMERICAN HEAVY MOVING AND RIGGING, INC., a California corporation, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BRAGG COMPANIES d/b/a HEAVY TRANSPORT, INC., and SCHEUERLE FAHRZEUGFABRIK GMBH, | ) ) ) ) ) |
| Defendants. | ) ) |

A Voluntary Settlement Conference shall be conducted on **March 10, 2014** at **9:30 a.m.** in the chambers of United States Magistrate Judge Nita L. Stormes, U.S. Courthouse, 333 West Broadway, Suite 1210, San Diego, California 92101, between plaintiffs Alpha One Transporter, Inc. and American Heavy Moving and Rigging ("Plaintiffs"), and defendants Goldhofer Fahrzeugwerk GMBH & Co., Intermountain Rigging and Heavy Haul, and Barnhart Crane and Rigging Co. (the "Goldhofer defendants"). Counsel shall submit confidential settlement briefs **directly to chambers** no later than **March 5, 2014**. All parties are ordered to read and to fully comply with the attached Settlement Conference Procedures.

The court further **ORDERS** that Plaintiffs and the Goldhafer defendants shall lodge, by **March 5, 2014**, letter briefs regarding their dispute on the scope of the patent prosecution bar in the proposed protective order, which the court will address at the March 10, 2014 settlement conference.

**IT IS SO ORDERED.**

DATED: February 26, 2014

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

# Chambers of Magistrate Judge Nita L. Stormes
# Settlement Conference Procedures

**1.  Attendance**:  All parties, adjusters for insured defendants, and other representatives of a party **having full and complete authority to enter into a binding settlement**, and the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss settlement of the case.  Full authority to settle means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  *Heileman Brewing Co., Inc. v. Joseph Oat Corp*., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Int'l, Inc*., 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference.  *Pitman*, 216 F.R.D. at 486.  Limited or sum certain authority is not adequate.  *Nick v. Morgan's Foods, Inc*., 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear **in person** will result in the imposition of sanctions. Where settlement authority rests with a governing body, counsel shall propose special arrangements in advance for securing timely authority to settle.

**2.  Settlement Conference Briefs**:  All parties are required to lodge a **confidential** settlement brief before the Settlement Conference.  Please refer to the Court's order for the due date for the brief. Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any.  Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases.  Each brief shall set forth the following required confidential information:

  a. A brief analysis of the key issues involved in the litigation;
  b. A description of the strongest and weakest legal and factual points in the party's case;
  c. A description of the strongest and weakest legal and factual points in the opponent's case;
  d. The status of any settlement negotiations, including the last settlement proposal made by each party; and
  e. The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of  litigation.

Parties should hand deliver, mail, or electronically mail the **original only** of settlement briefs directly to chambers.  If the submission exceeds 20 pages, a paper copy **must** be delivered or mailed to chambers.  FAX briefs will not be accepted. **Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed.**

Chambers of Magistrate Judge Nita L. Stormes
333 West Broadway, Suite 1210
San Diego, CA 92101
email: [efile_stormes@casd.uscourts.gov]