BOWMAN AND BROOKE LLP
Michelle R. Gilboe, *pro hac vice*
Steven L. Reitenour, *pro hac vice*
150 South Fifth Street, Suite 3000
Minneapolis, Minnesota 55402
Tel:    (612) 339-8682
Fax:    (612) 672-3200
michelle.gilboe@bowmanandbrooke.com
steven.reitenour@bowmanandbrooke.com

BOWMAN AND BROOKE LLP
Robert S. Robinson, SBN: 131461
970 West 190th Street, Suite 700
Torrance, California 90502
Tel:    (310) 768-3068
Fax:    (310) 719-1019
rob.robinson@bowmanandbrooke.com

Attorneys for Defendant
PERKINS MOTOR TRANSPORT, INC.,
d/b/a PERKINS SPECIALIZED
TRANSPORTATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA ONE TRANSPORTER, INC., a California corporation, and AMERICAN HEAVY MOVING AND RIGGING, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PERKINS MOTOR TRANSPORT, INC., d/b/a PERKINS SPECIALIZED TRANSPORTATION, a Minnesota corporation,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>TRAIL KING INDUSTRIES, INC., a South Dakota corporation,<br><br>Third-Party Defendant. | Case Nos.:  13-cv-2662-H-NLS<br>             13-cv-2663-H-NLS<br>             13-cv-2669-H-NLS<br><br>**PERKINS' THIRD-PARTY COMPLAINT AGAINST TRAIL KING INDUSTRIES, INC.**<br><br>**DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| 1<br>2<br>3 | ALPHA ONE TRANSPORTER, INC., and AMERICAN HEAVY MOVING AND RIGGING, INC., |
| 4 | Plaintiffs, |
| 5 | v. |
| 6<br>7<br>8<br>9 | GOLDHOFER FAHRZEUGWERK GMBH & CO., INTERMOUNTAIN RIGGING AND HEAVY HAUL, and BARNHART CRANE AND RIGGING CO., |
| 10 | Defendants. |
| 11<br>12<br>13 | ALPHA ONE TRANSPORTER, INC., and AMERICAN HEAVY MOVING AND RIGGING, INC., |
| 14 | Plaintiffs, |
| 15 | v. |
| 16<br>17<br>18<br>19 | BRAGG COMPANIES d/b/a HEAVY TRANSPORT, INC., and SCHEUERLE FAHRZEUGFABRIK GMBH, |
| 20 | Defendants. |

Defendant and Third-Party Plaintiff Perkins Motor Transport, Inc., d/b/a Perkins Specialized Transportation ("Perkins"), for its Third-Party Complaint against Trail King Industries, Inc. ("Trail King"), states as follows:

## NATURE OF ACTION

1. This is an action for breach of warranty against infringement, indemnity, and contribution against Trail King for claims of infringement of U.S. Patent No. 8,424,897 (the "'897 Patent") asserted by Alpha One Transporter, Inc., and American Heavy Moving and Rigging, Inc. (collectively, "Alpha One")

against Perkins.

2.  Alpha One's Complaint for Patent Infringement asserts that Perkins is liable for patent infringement because Perkins' "Road Train" heavy haul trailer allegedly infringes the '897 Patent. (Dkt No. 1 ¶ 12.)

**PARTIES**

3.  Perkins is a Minnesota corporation with its principal place of business located at 1800 Riverview Drive, Northfield, Minnesota. Perkins owns and operates a heavy haul trailer known as the "Road Train."

4.  Trail King is a South Dakota corporation with a principal place of business at 300 East Norway, Mitchell, South Dakota, and is duly registered to do business in the State of California.

**JURISDICTION AND VENUE**

5.  This Court has subject matter jurisdiction over this action against Trail King under 28 U.S.C. §§ 1332 and 1367(a).

6.  The Court has personal jurisdiction over Trail King in accordance with the California long-arm statute, Cal. Civ. Proc. Code § 410.10.

7.  Venue is proper in this District in accordance with 28 U.S.C. §§ 1391(b)(2) and 1400(b).

**FACTUAL BACKGROUND**

8.  On April 5, 2010, Perkins issued a Request for Proposal to "design & produce" a heavy haul trailer.

9.  On May 7, 2010, Trail King submitted a proposal to Perkins that, according to Trail King, took into consideration "every aspect of Perkins' request to design" a heavy haul trailer.

10. Trail King's proposal included specifications for the heavy haul trailer that arguably fall within the claims of the '897 Patent.

11. On May 12, 2010, Perkins accepted Trail King's proposal.

12. The agreement between Perkins and Trail King constituted a contract for the sale of goods under the Uniform Commercial Code.

13. Under the terms of the contract, Trail King expressly agreed to "warrant all items designed and manufactured by TK for one year from date of customer pick up."

14. Under the terms of the contract, Trail King did not disclaim or waive any other warranties to Perkins.

15. Trail King delivered the completed heavy haul trailer, now known as the "Road Train," to Perkins on February 24, 2011.

16. On April 23, 2013, the United States Patent and Trademark Office issued the '897 Patent. The '897 Patent was assigned to Alpha One.

17. On November 6, 2013, Alpha One filed suit against Perkins in the United States District Court for the Southern District of California, claiming that Perkins' "Road Train" heavy haul trailer infringes the '897 Patent. (Dkt. No. 1.)

18. On November 6, 2013, Alpha One also filed suit against Intermountain Rigging and Heavy Haul, and Barnhart Crane and Rigging Co. in the United States District Court for the Southern District of California, claiming that a heavy haul trailer designated the "THP/CA" used by Intermountain and Barnhart infringes the '897 Patent. (S.D. Cal. Case No. 3:13-cv-2663-H-NLS, Dkt. No. 1.)

19. On November 6, 2013, Alpha One also filed suit against Bragg Companies d/b/a Heavy Transport in the United States District Court for the Southern District of California, claiming that a heavy haul trailer designated the "WideCombi" used by Bragg infringes the '897 Patent. (S.D. Cal. Case No. 3:13-cv-2669-H-NLS, Dkt. No. 1.)

20. On December 13, 2013, Alpha One amended its Complaint against Bragg to assert the '897 Patent against Scheuerle Fahrzeugfabrik GmbH, the manufacturer of the "WideCombi" heavy haul trailer. (S.D. Cal. Case No. 3:13-

cv-2669, Dkt. No. 8.)

21. On January 3, 2014, Alpha One amended its Complaint against Intermountain and Barnhart to assert the '897 Patent against Goldhofer Fahrzeugwerk GmbH & Co., the manufacturer of the "THP/CA" heavy haul trailer. (S.D. Cal. Case No. 3:13-cv-2663, Dkt. No. 12.)

22. On February 11, 2014, the District Court consolidated the three cases for pretrial purposes. (Dkt. No. 22.)

23. Although Alpha One amended its complaints in the two related cases (S.D. Cal. Case Nos. 3:13-cv-2663 and 3:13-cv-2669) to assert patent infringement claims against the manufacturers of the accused products in those cases, it has not asserted any claim against Trail King, the manufacture of the accused product in this case.

24. This Third-Party Complaint arises out of the same transactions or occurrences that are the subject of the claims asserted in the Complaint filed by Alpha One against Perkins.

25. There is a real and actual controversy between Perkins and Trail King concerning the liability and indemnity for any damages resulting from any finding that the Road Train infringes the '897 Patent.

**FIRST CLAIM FOR RELIEF**
**(Breach of Warranty Against Infringement)**

26. Perkins restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Perkins purchased the "Road Train" heavy haul trailer from Trail King.

28. Trail King is a merchant who regularly deals in goods including, but not limited to, the "Road Train" heavy haul trailer.

29. Minnesota Statutes § 336.2-312(3) and South Dakota Codified Laws § 57A-2-312(3), which are identical, impose a warranty against patent

infringement upon Trail King.

30. Minnesota Statutes § 336.2-725 and South Dakota Codified Laws § 57A-2-725, which are identical, provide a four-year statute of limitations on breach-of-warranty claims.

31. Thus, under Minnesota and South Dakota laws, Trail King warranted, for a period of four years, that the "Road Train" heavy haul trailer would be delivered to Perkins free of any title or ownership claims, including but not limited to any claim of patent infringement.

32. Trail King has breached its warranty against patent infringement in view of the claims asserted against Perkins by Alpha One.

## SECOND CLAIM FOR RELIEF
### (Implied Indemnity)

33. Perkins restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Alpha One filed a Complaint against Perkins alleging damages and seeking injunctive relief for infringement of the '897 Patent. (Dkt. No. 1.) Perkins incorporates Alpha One's Complaint by reference, solely for the limited purpose of its allegations against Trail King.

35. If Alpha One is successful in its claims, then Perkins may be held liable for the damages and injunctive relief prayed for in Alpha One's Complaint solely because of the conduct of Trail King. Perkins' liability will be vicarious only and the direct and proximate result of the active and affirmative conduct on the part of Trail King.

36. Indemnity is implied by the agreement between Perkins and Trail King.

37. Perkins is entitled to complete indemnification by Trail King for all costs of defense, costs of suit, and reasonable attorney's fees incurred by Perkins in its defense of Alpha One's complaint.

## THIRD CLAIM FOR RELIEF
### (Comparative Indemnity)

38. Perkins restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Alpha One filed a Complaint against Perkins alleging damages and seeking injunctive relief for infringement of the '897 Patent. (Dkt. No. 1.) Perkins incorporates Alpha One's Complaint by reference, solely for the limited purpose of its allegations against Trail King.

40. Perkins contends that it is not responsible for the events giving rise to Alpha One's alleged cause of action, or legally responsible in any other manner for the damages or injunctive relief sought by Alpha One. If, however, because of the matters alleged in Alpha One's Complaint, Perkins is held liable for any part of Alpha One's claims, Trail King is responsible for any damages or other losses in proportion to its comparative responsibility and Perkins is entitled to a determination of several liabilities.

41. Perkins is entitled to indemnity from Trail King for all costs, fees, expenses, settlements, and judgments paid by and incurred by Perkins in connection with this litigation.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment For Indemnity And Defense)

42. Perkins restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Alpha One filed a Complaint against Perkins alleging damages and seeking injunctive relief for infringement of the '897 Patent. (Dkt. No. 1.) Perkins incorporates Alpha One's Complaint by reference, solely for the limited purpose of its allegations against Trail King.

44. An actual controversy has arisen between Perkins and Trail King. Perkins contends that it is without fault or responsibility for any actions

attributable to Trail King.  If there have been any acts giving rise to liability to Alpha One, those acts were committed by Trail King and not Perkins.  Perkins contends that it is entitled to indemnity from Trail King.

## FIFTH CLAIM FOR RELIEF
### (Equitable Indemnity)

45. Perkins restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Alpha One filed a Complaint against Perkins alleging damages and seeking injunctive relief for infringement of the '897 Patent. (Dkt. No. 1.)  Perkins incorporates Alpha One's Complaint by reference, solely for the limited purpose of its allegations against Trail King.

47. Perkins is in no way legally responsible for the events giving rise to Alpha One's Complaint, and is not responsible for any damages allegedly sustained by Alpha One.  If Perkins is held liable for all, or any part, of the claim for damages asserted against it, it is only because of Trail King' acts.

48. The acts of Trail King, and not Perkins, were the proximate cause of the facts alleged by Alpha One, and are legally responsible for any alleged damages suffered by Alpha One.

49.  Trail King is liable for any alleged damages in direct proportion to the extent of its actions taken in furtherance of the allegedly infringing acts.  If Perkins is held liable for any of Alpha One's damages, then Perkins is entitled to judgment against Trail King in an amount proportionate to the amount of Perkins' financial responsibility for such damages that exceeds its portion of responsibility, if any.

## SIXTH CLAIM FOR RELIEF
### (Contribution)

50. Perkins restates and realleges paragraphs 1 through 49 as though fully set forth herein.

51. Alpha One filed a Complaint against Perkins alleging damages and

seeking injunctive relief for infringement of the '897 Patent. (Dkt. No. 1.) Perkins incorporates Alpha One's Complaint by reference, solely for the limited purpose of its allegations against Trail King.

52. Perkins is in no way legally responsible for the damages alleged in Alpha One's Complaint. If, however, as a result of the matters alleged in Alpha One's Complaint, Perkins is held liable for all, or any part, of Alpha One's alleged damages, then Trail King is obliged to reimburse Perkins and is liable to Perkins for all liability assessed against it by way of contribution, and Perkins asserts the right of contribution against Trail King.

**PRAYER FOR RELIEF**

WHEREFORE, Third-Party Plaintiff Perkins Motor Transport, Inc., d/b/a Perkins Specialized Transportation, respectfully prays for:

a. An order of the Court declaring that Trail King is liable for all damages awarded based on Alpha One's Complaint against Perkins;

b. An order of the Court declaring the percentage of fault, if any, between Perkins and Trail King for damages and losses allegedly caused to Alpha One;

c. An order of the Court awarding judgment in favor of Perkins against Trail King based on the relative percentage of fault of each party;

d. An order of the Court that Perkins is entitled to be fully indemnified by Trail King for all settlements, compromises, or judgments entered into by Perkins as a result of this action;

e. For attorney's fees, court costs, investigative costs, and other expenses incurred in the defense of Alpha One's Complaint against Perkins;

f. A trial by jury for all issues so triable; and

//

//

g. Such other and further relief as this Court deems just.

Dated: June 17, 2014          Respectfully submitted,

BOWMAN AND BROOKE LLP

By:  /s/ Steven L. Reitenour
     Michelle R. Gilboe, *pro hac vice*
     Steven L. Reitenour, *pro hac vice*
     Robert S. Robinson, SBN: 131461
     Attorneys for Defendant Perkins Motor Transport, Inc., d/b/a Perkins Specialized Transportation