# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA ONE TRANSPORTER, INC., and AMERICAN HEAVY MOVING AND RIGGING, INC.,<br><br>Plaintiffs,<br>vs.<br><br>PERKINS MOTOR TRANSPORT, INC., d/b/a PERKINS SPECIALIZED TRANSPORTATION,<br><br>Defendant. | Case Nos.<br>13-cv-2662-H-NLS<br>13-cv-2663-H-NLS<br>13-cv-2669-H-NLS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 33] |
| ALPHA ONE TRANSPORTER, INC., and AMERICAN HEAVY MOVING AND RIGGING, INC.,<br><br>Plaintiffs,<br>vs.<br>GOLDHOFER FAHRZEUGWERK GMBH & CO., INTERMOUNTAIN RIGGING AND HEAVY HAUL, and BARNHART CRANE AND RIGGING CO.,<br><br>Defendants. | |
| ALPHA ONE TRANSPORTER, INC., and AMERICAN HEAVY MOVING AND RIGGING, INC.,<br><br>Plaintiffs, | |

vs.

BRAGG COMPANIES d/b/a HEAVY TRANSPORT, INC., and SCHEUERLE FAHRZEUGFABRIK GMBH,

Defendants.

On May 16, 2014, Defendants Goldhofer AG ("Goldhofer"), Intermountain Rigging and Heavy Haul ("Intermountain"), and Barnhart Crane and Rigging Company ("Barnhart") filed a motion for summary judgment in this consolidated action. (Doc. No. 33.) On June 23, 2014, Plaintiffs filed their opposition to Defendants' motion. (Doc. No. 42.) On June 30, 2014, Defendants filed their reply. (Doc. No. 43.) A hearing on the motion is currently scheduled for July 7, 2014 at 10:30 a.m. The Court, pursuant to its discretion under Local Civil Rule 7.1(d)(1), submits the motion on the parties' papers. The Court denies Defendants' motion for summary judgment.

## **Background**

This action involves three consolidated patent infringement actions brought by Plaintiffs against Defendants for infringing U.S. Patent No. 8,424,897 ("the '897 Patent"). The abstract for the asserted patent describes a dual lane, multi-axle transport vehicle for transporting or hauling heavy loads. (See Doc. No 1-2 at 1, '897 Patent, Abstract.) The '897 Patent is a continuation-in-part of a provisional application filed May 24, 2002, No. 60/383,554 (the "2002 Provisional"). (See id. col.1 ll.7-17.) The '897 Patent claims priority to the 2002 Provisional's filing date. The Court consolidated these actions for pretrial purposes on February 12, 2014. (Doc. No. 11.) Under the Court's March 24, 2014 scheduling order, the parties have until August 11, 2014 to complete claim construction discovery. (Doc. No. 29.) The parties' opening claim construction briefs are due August 25, 2014 and the Court will hold a claim construction hearing on October 31, 2014. (Id.)

///

///

**Discussion**

Defendants argue that the asserted independent claims of the '897 Patent (Claims 1, 16, and 19) are not entitled to the 2002 priority date because the claims contain subject matter not present in the 2002 Provisional. (Doc. No. 33-1 at 10.) Plaintiffs respond that Defendant's argument is based on insufficient evidence and inaccurate legal standards because it fails to address whether a person having ordinary skill in the art ("PHOSITA") would understand the claimed corresponding structure to be within the 2002 Provisional's written description. (Doc. No. 42 at 7.)

**I. Legal Standard for Summary Judgment**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Nat'l Ass'n of Optometrists & Opticians v. Harris, 682 F.3d 1144, 1147 (9th Cir. 2012) cert. denied, 133 S. Ct. 1241 (2013). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. The nonmoving

party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. "The 'opponent must do more than simply show that there is some metaphysical doubt as to the material fact.'" Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 265–66 (9th Cir. 1991) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

When ruling on a summary judgment motion, the district court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita, 475 U.S. at 587. The district court does not make credibility determinations with respect to evidence offered. See T.W. Elec., 809 F.2d at 630-31 (citing Matsushita, 475 U.S. at 587). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts." Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980).

## II.  Analysis

Defendants move for summary judgment on the grounds that the asserted claims are "means plus function" claims, required by 35 U.S.C. §112 to describe corresponding structures that accomplish the claimed means, but that the asserted claims teach structures outside the written description of the 2002 Provisional. (Doc. No. 33-1 at 10.) Specifically, Defendants argue that a "transport frame" is the required corresponding structure to the "connecting means" limitation in all three asserted claims, but that the 2002 Provisional describes only a "gooseneck" corresponding structure without mentioning a transport frame. (Id. at 11-12.) Without the 2002 priority date, Defendants argue, the asserted claims would be invalid under 35 U.S.C. § 102(a). (Id. at 20.) Plaintiffs respond that Defendants' argument is based on insufficient evidence and inaccurate legal standards because it fails to address whether a person having ordinary skill in the art ("PHOSITA") would understand the corresponding "transport frame" structure at issue to be included within the 2002

Provisional's written description. (Doc. No. 42 at 7.) Defendant further argues that a PHOSITA would conclude that the 2002 Provisional sufficiently discloses the claimed "transport frame" structure to comply with the written description requirement.

The Court begins with the language of the asserted independent claims. Claims 1, 16 and 19 of the '897 patent each include the limitation "means for mechanically connecting said forward module to said rearward module." See '897 Patent, col.33 ll.1-2; col.34 ll.29-30; and col.35 ll.8-9. Courts will construe a means plus function claim limitation "to cover the corresponding structure . . . described in the specification and equivalents thereof." 35 U.S.C. §112(f). The Federal Circuit has outlined a two-step process to construe these claims: first the Court must "determine the claimed function," and second, "the court must identify the corresponding structure in the written description of the patent that performs that function." Applied Med. Res. Corp. v. United States Surgical Corp., 448 F.3d 1324, 1332 (Fed. Cir. 2006).

Dependent Claim 4 teaches a limitation where the "means for mechanically connecting said forward module to said rearward module is a transport frame comprising a pair of transport carrying beams." Id. col.33 ll.26-29. The parties agree on the claimed function, i.e., performing a mechanical connection, but disagree on how to define the claimed "transport frame" corresponding structure and how it relates to the 2002 Provisional's description of a "gooseneck" connection. (Compare Doc. No. 33-1 at 21 with Doc. No. 42 at 6.)

A means-plus-function claim complies with the written description requirement of 35 U.S.C. §112 where the structure corresponding to the means limitation is "disclosed in the written description in such a manner that one skilled in the art will know and understand what structure corresponds to the means limitation." Biomedino v. Waters Technologies Corp., 490 F.3d 946, 953 (Fed. Cir. 2007) (quotations omitted) (affirming invalidity of a means plus function asserted claim for indefiniteness where the claimed means had no corresponding structure described in the specification). "Compliance with the written description requirement is a question of fact" and may

be determined on summary judgment only "where no reasonable fact finder could return a verdict for the non-moving party." <u>PowerOasis, Inc. v. T-Mobile USA, Inc.</u>, 522 F.3d 1299, 1307 (Fed. Cir. 2008).

Here, the 2002 Provisional discloses a variety of embodiments "comprising a front module and a rear module plus a gooseneck between them." (<u>See, e.g.</u>, Doc. No. 33-4, Pejic Decl. Ex. 1, 2002 Provisional at 12-13.) Defendants assert that because the 2002 Provisional does not use the words "transport frame," it cannot sufficiently describe the asserted claims. (Doc. No. 33-1 at 24.) In response, Plaintiffs present evidence that a PHOSITA in 2002, upon reading the 2002 Provisional, would understand the inventor to be disclosing the use of the genus of "drop center" transport frames, including both a "bed and gooseneck" species and a "suspension girder" species. (<u>See</u> Doc. No. 42-1, Decl. of Neal Bailey at 3-4.) Plaintiffs' understanding is consistent with Federal Circuit law that disclosure of a species often "provides sufficient written description support for a later filed claim directed to the genus." <u>Bilstad v. Wakalopulos</u>, 386 F.3d 1116, 1124 (Fed. Cir. 2004).[1]

Plaintiffs have supplied evidence that the 2002 Provisional's description of a "gooseneck" species of connections provides sufficient written description to support its later filed claims directed to the genus of transport frames, sufficient to avoid summary judgment. Pursuant to the Court's consolidated scheduling order, claim construction discovery is ongoing, and the Court will hold a claim construction hearing on October 31, 2014. (See Doc. No. 29.) Accordingly, the Court denies Defendants' motion for summary judgment without prejudice and notes that they are premature before the Court's order construing the disputed claim terms. <u>See</u> <u>Markman v.</u>

---

[1] The <u>Bilstad</u> court identified two exceptions to this general rule, neither of which are applicable here. The first is that "[i]f the difference between members of the group is such that the person skilled in the art would not readily discern that other members of the genus would perform similarly to the disclosed members, i.e., if the art is unpredictable, then disclosure of more species is necessary to adequately show possession of the entire genus." <u>Bilstad</u>, 386 F.3d at 1125. The second excepts situations where the patent expressly disclaims other species of the genus. <u>Id.</u>

1  Westview Instruments, 517 U.S. 370, 372 (1996).

## Conclusion

The Court denies Defendants' motion for summary judgment without prejudice.

**IT IS SO ORDERED**.

DATED: July 1, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT