**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALPHA ONE TRANSPORTER, INC., and AMERICAN HEAVY MOVING AND RIGGING, INC.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>PERKINS MOTOR TRANSPORT, INC., d/b/a PERKINS SPECIALIZED TRANSPORTATION,<br><br>　　　　　　　　　Defendant and<br>　　　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>TRAIL KING INDUSTRIES, INC., a South Dakota Corporation,<br><br>　　　　　　Third-Party Defendant. | Case Nos.<br>13-cv-2662-H-DHB<br>13-cv-2663-H-DHB<br>13-cv-2669-H-DHB<br><br>**(1) ORDER GRANTING DEFENDANT AND THIRD-PARTY PLAINTIFF PERKINS MOTOR TRANSPORT INC.'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF JURISDICTION; GRANTING PLAINTIFF 30 DAYS LEAVE TO AMEND**<br><br>[Doc. No. 57]<br><br>**(2) ORDER CONTINUING CLAIMS CONSTRUCTION HEARING TO DECEMBER 5, 2014 AT 9:00 A.M.** |
| ALPHA ONE TRANSPORTER, INC., and AMERICAN HEAVY MOVING AND RIGGING, INC.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs. | |

| | |
|---|---|
| GOLDHOFER FAHRZEUGWERK GMBH & CO., INTERMOUNTAIN RIGGING AND HEAVY HAUL, and BARNHART CRANE AND RIGGING CO., | |
| | Defendants. |
| ALPHA ONE TRANSPORTER, INC., and AMERICAN HEAVY MOVING AND RIGGING, INC., | |
| | Plaintiffs, |
| vs. | |
| BRAGG COMPANIES d/b/a HEAVY TRANSPORT, INC., and SCHEUERLE FAHRZEUGFABRIK GMBH, | |
| | Defendants. |

On November 6, 2013, Plaintiffs Alpha One Transporter, Inc. and American Heavy Moving and Rigging, Inc. ("Alpha One") filed a complaint against Defendant and Third-Party Plaintiff Perkins Motor Transport, Inc. ("Perkins"). (Doc. No. 1.) On August 7, 2014, Perkins filed a motion to dismiss Alpha One's complaint for lack of jurisdiction. (Doc. No. 57.) On September 1, 2014, Alpha One filed an opposition to the motion to dismiss. (Doc. No. 59.) On September 8, 2014, Perkins filed its reply. (Doc. No. 62.) On September 9, 2014, the Court submitted the motion for resolution without oral argument pursuant to its discretion under Local Rule 7.1(d)(1) and vacated the hearing set for September 15, 2014. (Doc. No. 63.)

The Court grants Perkins' motion to dismiss without prejudice. The Court grants Alpha One 30 days leave to amend to establish its standing in this action or to join necessary parties to provide subject matter jurisdiction.

The Court further continues the claims construction hearing, currently scheduled for October 31, 2014, to December 5, 2014 at 9:00 a.m.

## **Background**

This action involves three consolidated patent infringement actions brought by Plaintiffs against Defendants for infringing U.S. Patent No. 8,424,897 ("the '897 Patent"). The abstract for the asserted patent describes a dual lane, multi-axle transport

vehicle for transporting or hauling heavy loads.  (See Doc. No 1-2 at 1, '897 Patent, Abstract.)  The '897 Patent is a continuation-in-part of a provisional application filed May 24, 2002, No. 60/383,554 (the "2002 Provisional").  (See id. col.1 ll.7-17.)  The '897 Patent claims priority to the 2002 Provisional's filing date.  The Court consolidated these actions for pretrial purposes on February 12, 2014.  (Doc. No. 11.)  The parties in the consolidated action submitted their joint claim construction chart, worksheet, and hearing statement on September 8, 2014.  (Doc. No. 61.)  Under the Court's July 22, 2014 scheduling order, the parties have until September 12, 2014 to complete claim construction discovery.   (Doc. No. 48.)

In its motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), Defendant Perkins asserts that Alpha One lacks standing to assert a claim for infringement of the '897 Patent because one of the named inventors, James McGhie ("McGhie"), has not assigned his rights in the '897 Patent to Alpha One and is not a party to the litigation.  (Doc. No. 57-1.)  Alpha One responds that McGhie's prior assignment of the 2002 Provisional also establishes ownership of the patent-in-suit. (Doc. No. 59.)

## Discussion

**I.    Legal Standard for Motion to Dismiss for Lack of Standing**

Federal courts are courts of limited jurisdiction. United States v. Mark, 530 F.3d 799, 810 (9th Cir. 2008). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)); Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region, 558 U.S. 67, 84 (2009).

"A court may exercise jurisdiction only if a plaintiff has standing to sue on the date it files suit." Abraxis Bioscience, Inc. v. Navinta LLC, 625 F.3d 1359, 1364 (Fed.

Cir. 2010) (citing <u>Keene Corp. v. United States</u>, 508 U.S. 200, 207 (1993)). In a patent infringement action, "'the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit' to assert standing." <u>Abraxis</u>, 625 F.3d at 1364 (quoting <u>Paradise Creations, Inc. v. UV Sales, Inc.</u>, 315 F.3d 1304, 1309-310 (Fed. Cir. 2003)). "'If the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured' after the inception of the lawsuit." <u>Abraxis</u>, 625 F.3d at 1364 (quoting <u>Schreiber Foods, Inc. v. Beatrice Cheese, Inc.</u>, 402 F.3d 1198, 1203 (Fed. Cir. 2005)).

The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction. <u>DaimlerChrysler v. Cuno</u>, 547 U.S. 332, 342 (2006). In the context of a patent infringement suit, this means that the plaintiff has "the burden to show necessary ownership rights to support standing to sue." <u>Abbott Point of Care Inc. v. Epocal, Inc.</u>, 666 F.3d 1299, 1302 (Fed. Cir. 2012) (citing <u>Fieldturf, Inc. v. Southwest Recreational Indus., Inc.</u>, 357 F.3d 1266, 1269 (Fed. Cir. 2004)), <u>reh'g denied</u> (Feb. 29, 2012).

When resolving a factual challenge to standing, a court must first evaluate whether the disputed jurisdictional facts are intertwined with the merits of the case. <u>DDB Tech., LLC. v. MLB Advanced Media, L.P.</u>, 517 F.3d 1284, 1291 (Fed. Cir. 2008). If the jurisdictional issues and the merits of the case are distinct, dismissal on jurisdictional grounds is appropriate. <u>Id.</u> But if the jurisdictional facts and the facts underlying the substantive claim are intertwined, the issue must await summary judgment proceedings or a trial on the merits. <u>Id.</u> In resolving a factual attack on subject matter jurisdiction, "[t]he court need not presume the truthfulness of the plaintiff's allegations." <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000)). And where a motion to dismiss is brought under Federal Rule of Civil Procedure 12(b)(1), "a party opposing the motion bears the burden of establishing jurisdiction." <u>Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l</u>, 957 F. Supp. 2d 1189, 1193 (S.D. Cal. 2013).

///

## II.   Analysis

In its motion to dismiss, Perkins asserts that McGhie is a co-inventor of the '897 Patent and that he did not assign his rights to Alpha One, depriving the latter of standing in this case. (See Doc. No. 57-1).  In its opposition, Alpha One does not dispute McGhie's inventor status but argues that McGhie's prior assignment of rights in the 2002 provisional patent application ("2002 Assignment") provides Alpha One ownership of the '897 Patent.  (See Doc. No. 59, citing Exhibit 6 to Perkins' motion to dismiss [Doc. No. 57-4].)

In DDB Technologies, the Federal Circuit considered whether disputed jurisdictional facts regarding an employment agreement were intertwined with the substantive merits of a patent infringement case. 517 F.3d at 1291. The Federal Circuit ruled that the dispute over the employment agreement, which depended in part on state contract law and in part on Federal Circuit law concerning assignments, was not intertwined with the substantive infringement claims, and therefore that dismissal on jurisdictional grounds was appropriate. Id. at 1291.

Likewise, Perkins and Alpha One dispute jurisdictional facts regarding the ownership of the '897 Patent and specifically whether McGhie assigned his interest to Alpha One.  (Doc. Nos. 57-1 and 59.)  These disputed jurisdictional facts are not intertwined with the substantive claims that give rise to federal jurisdiction. See DDB Tech., 517 F.3d at 1291. Consequently, Alpha One bears the burden to show it possessed the necessary ownership rights to support its standing to sue on the '897 Patent. See Abbott, 666 F.3d at 1302.

The '897 Patent lists both James Sutton and McGhie as inventors. (Exhibit 1 to Perkins' motion to dismiss, Doc. No. 57-3).  The parties do not dispute that McGhie is a co-owner of the patent and "[t]he inventors as named in an issued patent are presumed to be correct." Nartron Corp. v. Schukra U.S.A. Inc., 558 F.3d 1352, 1356 (Fed. Cir. 2009) (quoting Hess v. Advanced Cardiovascular Sys., Inc., 106 F.3d 976, 980 (Fed. Cir. 1997)). Accordingly, the issue is whether McGhie assigned his rights

in the '897 Patent to Alpha One.

Alpha One asserts that the 2002 Assignment also assigns Alpha One the patent-in-suit. (Doc. No. 59.) McGhie assigned his rights to the 2002 Provisional in writing in May 2002 via an Assignment Accompanying Application. (Exhibit 6 to Perkins' motion to dismiss, Doc. No. 57-4.) That assignment, the 2002 Assignment, provides Alpha One with, in pertinent part: "the full and exclusive right, title, and interest in and to said invention, in and to said application, and in and to any Letters Patent to be granted and issued thereon . . . ." (Id.) Alpha One does not allege that McGhie assigned to Alpha One his rights in the '897 Patent, issued in April 2013. Instead, Alpha One argues that the 2002 Assignment covers the '897 Patent. But the '897 Patent is only a continuation-in-part of the earlier inventions. (See Doc. 57-1 at 2-3 and Doc. 59 at 2.) And a continuation-in-part application includes "new matter." PowerOasis v. T-Mobile USA, Inc., 522 F.3d 1299, 1304 n.3 (Fed. Cir. 2008); Transco Prods. Inc. v. Performance Contracting, Inc., 38 F.3d 551, 555 (Fed. Cir. 1994) (citing the Manual of Patent Examining Procedure ["MPEP"] § 201.08 and noting that a continuation-in-part application includes "added matter not present in that earlier application").[1] Accordingly, the '897 Patent is not the same "invention" that was assigned in the 2002 Assignment. Because the '897 Patent derived from a continuation-in-part application, and because the 2002 Assignment is only for the "said invention" described in the 2002 Provisional, the 2002 Assignment does give Alpha One ownership of the '897 Patent.

Alpha One argues that under MHL Tek, LLC v. Nissan Motor Co., 655 F.3d 1266 (Fed. Cir. 2011), the "applicable test" for determining the scope of an assignment is "whether the inventions claimed in the patent-in-suit were 'inventions and discoveries' set forth in the parent application." (Doc. No. 59 at 3-4.) But MHL Tek

---

[1] Though the the MPEP is not binding law, Regents of Univ. of New Mexico v. Knight, 321 F.3d 1111, 1121 (Fed. Cir. 2003), the Court finds it persuasive in interpreting the scope of the assignment. Notably, Alpha One does not provide any authority suggesting that an assignment carries forward under these circumstances.

did not establish a generally applicable legal standard. In MHL Tek, the court considered an assignment provision which expressly assigned "inventions and discoveries in [the Parent Application]." Id. at 1275. Accordingly, MHL Tek teaches that the proper inquiry is the scope of the assignment. Here, the 2002 Assignment assigns only "said invention, in and to said application . . . ." (Exhibit 6 to Perkins' motion to dismiss, Doc. No. 57-4.) The '897 Patent is only a continuation-in-part of the 2002 Provisional. As such, the '897 Patent is not clearly within the scope of the 2002 Assignment. Accordingly, Alpha One has not established that the 2002 Assignment provides it with ownership of the '897 Patent.

Alpha One's argument that McGhie is "contractually obligated . . . to assign to AHM his rights in the invention" is also unavailing and does not establish standing. (Doc. No. 59 at 7.) McGhie, at best, has only an obligation to assign Alpha One his rights. (See id.) An obligation to assign rights does not create a present right in the potential assignee and does not establish standing. See DDB Tech., 517 F.3d at 1290.

On this record, Alpha One has not met its burden to show the necessary ownership rights to support standing to sue on the '897 Patent. Accordingly, the Court grants Perkins' motion to dismiss Alpha One's complaint for infringement of the '897 Patent without prejudice, and grants Alpha One 30 days leave to amend.

## Conclusion

For the foregoing reasons, the Court grants Perkins' motion to dismiss the complaint for infringement of the '897 Patent without prejudice and grants Alpha One 30 days leave to amend to establish subject matter jurisdiction.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1     The Court further continues the claims construction hearing, currently scheduled for October 31, 2014 to December 5, 2014 at 9:00 a.m.

**IT IS SO ORDERED.**

DATED: September 11, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT