**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALPHA ONE TRANSPORTER, INC., and AMERICAN HEAVY MOVING AND RIGGING, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>PERKINS MOTOR TRANSPORT, INC., d/b/a PERKINS SPECIALIZED TRANSPORTATION,<br><br>Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>TRAIL KING INDUSTRIES, INC., a South Dakota Corporation,<br><br>Third-Party Defendant. | Case Nos.<br>13-cv-2662-H-DHB<br>13-cv-2663-H-DHB<br>13-cv-2669-H-DHB<br><br>**ORDER DENYING AS MOOT THIRD-PARTY DEFENDANT TRAIL KING INDUSTRIES INC.'S MOTION TO DISMISS PERKINS MOTOR TRANSPORT, INC.'S THIRD-PARTY COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>[Doc. No. 53] |
| ALPHA ONE TRANSPORTER, INC., and AMERICAN HEAVY MOVING AND RIGGING, INC.,<br><br>Plaintiffs,<br><br>vs. | |

| | |
|---|---|
| 1 | GOLDHOFER FAHRZEUGWERK GMBH & CO., INTERMOUNTAIN RIGGING AND HEAVY HAUL, and BARNHART CRANE AND RIGGING CO., |
| 2 | |
| 3 | |
| 4 | Defendants. |
| 5 | ALPHA ONE TRANSPORTER, INC., and AMERICAN HEAVY MOVING AND RIGGING, INC., |
| 6 | |
| 7 | Plaintiffs, vs. |
| 8 | BRAGG COMPANIES d/b/a HEAVY TRANSPORT, INC., and SCHEUERLE FAHRZEUGFABRIK GMBH, |
| 9 | |
| 10 | Defendants. |

On November 6, 2013, Plaintiffs Alpha One Transporter, Inc. and American Heavy Moving and Rigging, Inc. ("Alpha One") filed a complaint against Defendant and Third-Party Plaintiff Perkins Motor Transport, Inc. ("Perkins"). (Doc. No. 1.) On June 17, 2014, Perkins filed a third-party complaint against Third-Party Defendant Trail King Industries, Inc. ("Trail King"). On July 30, 2014, Trail King filed a motion to dismiss Perkins' third-party complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 53.) On August 29, 2014, Perkins filed an opposition to the motion to dismiss. (Doc. No. 58.) On September 8, 2014, Trail King filed its reply. (Doc. No. 60.) On September 9, 2014, the Court submitted the motion for resolution without oral argument pursuant to its discretion under Local Rule 7.1(d)(1) and vacated the hearing set for September 15, 2014. (Doc. No. 63.)

On August 7, 2014, Perkins filed a motion to dismiss Alpha One's complaint for lack of jurisdiction. (Doc. No. 57.) That motion was fully briefed and the Court submitted the motion for resolution without oral argument. (Doc. No. 63.) On September 11, 2014, the Court granted Perkins' motion to dismiss Alpha One's complaint for lack of jurisdiction and granted Alpha One 30 days leave to amend to establish jurisdiction. As a result, Trail King's motion to dismiss Perkins' third-party complaint is moot. In the interests of judicial economy, the Court explains why the

Court would likely grant Trail King's motion to dismiss for failure to state a claim without prejudice.

## **Background**

This action involves three consolidated patent infringement actions brought by Plaintiffs against Defendants for infringing U.S. Patent No. 8,424,897 ("the '897 Patent"). The abstract for the asserted patent describes a dual lane, multi-axle transport vehicle for transporting or hauling heavy loads. (See Doc. No 1-2 at 1, '897 Patent, Abstract.) Plaintiffs have not asserted a claim against Trail King. (Doc. No. 39 at ¶23.) Perkins' third-party complaint alleges claims for breach of warranty against infringement, indemnity, and contribution against Trail King for the infringement claims alleged by Alpha One. (Doc. No. 39 at ¶1.)

## **Discussion**

### **I.    Legal Standard for Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

A complaint generally must satisfy the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" and the reviewing court need not accept "legal

conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

## II.    The Breach of Warranty Claim

In its third-party complaint, Perkins asserts that Minnesota Statute 336.2-312(3) and South Dakota Codified Law 57A-2-312(3)[1] impose a warranty against patent infringement upon Trail King and that both provisions are subject to a four-year statute of limitations. (Doc. No. 39 at ¶29-30.) In its motion to dismiss, Trail King argues that the warranty claim fails because the warranty extends only to delivery of the goods and the patent-in-suit issued after the delivery of the goods. (Doc. No. 53-1.) Perkins responds that its warranty claim satisfies the pleading standards because it is within the four year statute of limitations. (Doc. No. 58.)

The parties agree that Trail King delivered the goods on February 24, 2011. (Doc. No. 53-1 at 3 and Doc. No. 39 at ¶15.) The parties do not dispute that the patent issued on April 4, 2013. (See Doc. No. 1-2.)

The Minnesota Statute Perkins identifies for an implied warranty against infringement states, in pertinent part: "Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be

---

[1]The parties did not identify the choice of law governing this claim. The Court instructs the parties to identify controlling law in all future briefing.

*delivered* free of the rightful claim of any third person by way of infringement or the like . . . ." Minn. Stat. § 336.2-312(3) (emphasis added). The relevant South Dakota law is identical. S.D. Codified Laws § 57A-2-312(3). Under both laws, "[a] breach of implied warranty occurs, and the claim accrues 'when tender of delivery is made.'" See Highway Sales, Inc. v. Blue Bird Corp., 559 F.3d 782, 789 (8th Cir. 2009) (citing Minn. Stat. § 336.2-725(2)); accord S.D. Codified Laws § 57A-2-725(2) ("A breach of warranty occurs when tender of delivery is made.") Consequently, to maintain a breach of warranty claim under either of these provisions, the breach must have occurred at the time of delivery.[2]

To maintain a cause of action for breach of implied warranty based on infringement, the plaintiff must allege that the goods were subject to a rightful infringement claim upon delivery of the goods. Phoenix Solutions, Inc. v. Sony Elec., Inc., 637 F. Supp. 2d 683, 693 (N.D. Cal. 2009) (applying Cal. Com. Code § 2312(3), which is identical to both the South Dakota and Minnesota provisions). The third-party complaint does not allege that the goods were subject to a rightful claim of infringement upon delivery. (See Doc. No. 39.) Accordingly, Perkins has not alleged enough facts to show that Trail King sold the goods to Perkins subject to a rightful claim of infringement at the time of delivery. See Foster Poultry Farms v. Alkar-Rapidpak-MP Equipment, Inc., No: 1:11-cv-00030-AWI-SMS, 2011 WL 5838214, at *6-7 (E.D. Cal. Nov. 21, 2011).

**III. The Indemnity and Contribution Claims**

Perkins' third-party complaint alleges several indemnity claims and also a claim for contribution. (Doc. No. 39 at 6-9.) Trail King argues that Perkins' claims are not available under federal law. (Doc. No. 53-1.) Perkins responds that its claims are based on "*state* laws, not federal laws–laws that apply as a result of Perkins and Trail

---

[2] Statutes of limitations do not create a cause of action but "establish the period of time within which a claimant must bring an action." See Heimeshoff v. Hartford Life & Acc. Ins. Co., 134 S. Ct. 604, 610 (2013).

King's contractual relationship." (Doc. No. 58 at 9.) But Perkins did not provide the Court with the parties' agreement, instead listing several legal conclusions including that "indemnity is implied by the agreement between Perkins and Trail King" and "Trail King is responsible for any damages or other losses in proportion to its comparative responsibility." (Doc. No. 58 at 9.) Allegations that are merely legal conclusions are not sufficient to state a claim. Iqbal, 556 U.S. at 663 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's elements, supported by mere conclusory statements.").[3]

The Court need not rule on the indemnity or contribution claims because it dismissed Alpha One's complaint against Perkins for lack of subject matter jurisdiction and provided Alpha One 30 days leave to amend. Further, the arguments in the motion to dismiss might be more appropriate on a motion for summary judgment supported by a more substantial record.

Should the Court choose to exercise its supplemental jurisdiction over Perkins' indemnity claims, Perkins must provide additional briefing to explain why implied indemnity exists in this case.

The Court further reserves the right to sever the indemnity action or otherwise dismiss the third-party complaint if it is appropriate.

## Conclusion

The Court denies without prejudice Trail King's motion to dismiss Perkins' third-party complaint as moot because the Court dismissed Alpha One's complaint against Perkins for lack of subject matter jurisdiction.

/ / /

/ / /

---

[3] State law claims related to patent infringement actions are not universally preempted. Cover v. Hydromatic Packing Co., 83 F.3d 1390, 1393 (Fed. Cir. 1996). But this fact does not release Perkins of its obligation to allege the factual grounds and legal theories supporting its claims for indemnity.

1 |       For future briefing, the Court instructs the parties to consider the reasoning
2 | and instruction of this order.
3 | **IT IS SO ORDERED.**
4 | DATED: September 11, 2014

                                                        _____
                                                        MARILYN L. HUFF, District Judge
                                                        UNITED STATES DISTRICT COURT